IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LUCIO ESTRADA,<br><br>Plaintiff,<br><br>vs.<br><br>AURORA LOAN SERVICES, LLC,<br>LEHMAN BROTHERS BANK FSB,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br><br>Case No. 2:10-CV-1009 TS |

This matter is before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion for Temporary Restraining Order. For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss, rendering Plaintiff's Motion for Temporary Restraining Order moot.

I. STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint. Plaintiff purchased a home in West Valley City, Utah, on July 15, 1996. On or about March 19, 2007, Plaintiff obtained a first-

1

position mortgage loan from Lehman Brothers Bank, FSB ("Lehman") in the amount of $151,200 with an adjustable interest rate.

At some later point, Plaintiff engaged in communications with Aurora Loan Services, LLC ("Aurora") as nominee for Lehman. In these conversations, Plaintiff was informed that any Notice of Default would be postponed until after Plaintiff "affirmed his willingness to provide funds, modify the Loan and/or redeem the Property, and otherwise make the Loan current in order to retain the Property."[1] "Aurora informed Plaintiff that he would qualify for a mortgage modification due to financial hardship and the substantial decline in value of the Property, and would be able to retain the Property at a modified interest rate of two percent (2%)."[2]

Plaintiff later contacted Aurora in order to determine the progress of the modification. Plaintiff was provided with modification documents that required an annual percentage rate of 8.6%, rather than the agreed 2%.

On or about July 19, 2010, Aurora recorded a Notice of Default. Plaintiff alleges that, throughout the communications with Lehman and Aurora he "remained ready, willing, and able to provide funds, modify the Loan, redeem the Property, or otherwise reinstate the Loan."[3]

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

---

[1] Docket No. 2, Exhibit 1, ¶12.

[2] *Id.* ¶ 13.

[3] *Id.* ¶ 16.

light most favorable to Plaintiff as the nonmoving party.[4]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6]  But, the court "need not accept conclusory allegations without supporting factual averments."[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[9]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[10]

---

[4]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[6]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9]*Id*.

[10]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Supreme Court recently explained the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[11] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it requires "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should

---

[11] 556 U.S. ___, 129 S.Ct. 1937 (2009).

[12] *Id*. at 1949.

[13] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[14] *Id*. (quoting *Twombly*, 550 U.S. at 557).

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[15]

III. DISCUSSION

Plaintiff alleges three causes of action in his Complaint: violation of the Truth in Lending Act ("TILA"); (2) breach of contract; and (3) promissory estoppel. These claims will be discussed below.

A. TILA

Plaintiff's first claim of relief alleges violations of TILA. Plaintiff seeks both damages and the ability to rescind the loan.

An action for damages under TILA must be filed "within one year from the date of the occurrence of the violation."[16] The statute of limitations for TILA claims runs from the time the consumer credit transaction was consummated.[17]

As set forth above, Plaintiff entered into the loan transaction with Defendant Lehman on or about March 19, 2007. Thus, any claim for damages is barred by the one-year limitations period unless the statute of limitations has been equitably tolled.[18]

---

[15]*Id*. at 1949-50 ( internal quotation marks and citations omitted).

[16]15 U.S.C. § 1640(e).

[17]*Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir. 1974) (holding that the failure to meet TILA disclosure requirements is not a continuing breach).

[18]*Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. 2008).

Counsel has argued that equitable tolling is appropriate here because Plaintiff did not discover the alleged violation until he had need to inspect the loan documents. However, there are no such facts alleged in the Complaint. Therefore, there is no basis for equitable tolling.

Plaintiff also seeks rescission under TILA. However, pursuant to 15 U.S.C. § 1635(f), a borrower's right to rescind expires three years after the date of the consummation of the transaction. The Supreme Court has made clear that the three year limitations period contained in 15 U.S.C. § 1635(f) is not a statute of limitations, but a statute of repose, meaning that the right is extinguished after the three-year period passes and is not subject to equitable tolling.[19] Thus, Plaintiff's rescission claim is similarly barred.

B.   BREACH OF CONTRACT

Plaintiff's second cause of action is for breach of contract. Plaintiff alleges that "the parties entered into a contract under which Aurora would modify Plaintiff's Loan and/or allow Plaintiff to redeem the Property, postponing the foreclosure of the Property, and allow Plaintiff to retain the Property at an APR of 2%."[20] Plaintiff further alleges that Aurora and Lehman "breached their contract with Plaintiff by failing to deliver a modified Loan agreement with an APR of 2%, allowing time lapse within which a mortgage modification could be realized, and by recording a Notice of Default against the Property."[21] Plaintiff alleges that he has been damaged as a result of Defendants' breach.

---

[19] *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998).

[20] Docket No. 2, Ex. 1 at ¶ 23.

[21] *Id*. at ¶ 24.

It is fundamental that a meeting of the minds on the integral features of an agreement is essential to the formation of a contract. Thus, a binding contract exists where it can be shown that the parties had a meeting of the minds as to the integral features of [the] agreement and that the terms are sufficiently definite as to be capable of being enforced.[22]

As set forth above, Plaintiff alleges that he contacted Aurora and was told that he would qualify for a loan modification and that he would be able to retain the property at a modified interest rate of 2%. Plaintiff does not allege, however, that he ever accepted this offer or made any efforts to consummate the transaction. Rather, the Complaint goes on to allege that he again contacted Aurora and was provided documentation requiring a 6.8% interest rate. These allegations reveal that there was no meeting of the minds on the integral features of any agreement between the parties. At best, the Complaint alleges preliminary negotiations between the parties. There is no allegation to show that Plaintiff ever accepted any offer from Defendants. Therefore, the Court finds that no contract exists.

C. PROMISSORY ESTOPPEL

Plaintiff's third cause of action alleges promissory estoppel. Plaintiff alleges that Defendants made a promise to him that he would qualify for a loan modification with a 2% interest rate and that Plaintiff would otherwise be able to retain the property. Plaintiff further alleges that he reasonably and detrimentally relied on this promise by defaulting on his loan and that his reliance was reasonable and foreseeable. Further, Plaintiff alleges that because he relied on this promise "injustice can only be prevented by enforcement of Aurora and [Lehman's]

---

[22]*LD III, LLC v. BBRD, LC*, 231 P.3d 867, 872 (Utah Ct. App. 2009) (quotation marks and citations omitted).

7

promises to allow for the modification of the Loan with an APR of 2%, and Plaintiff's retention of the Property."[23]

Promissory estoppel requires a showing of the following: (1) the plaintiff acted with prudence and in reasonable reliance on a promise made by the defendant; (2) the defendant knew that the plaintiff had relied on the promise which the defendant should reasonably expect to induce action or forbearance on the part of the plaintiff or a third person; (3) the defendant was aware of all material facts; and (4) the plaintiff relied on the promise and the reliance resulted in a loss to the plaintiff.[24]

The lack of supporting allegations in Plaintiff's Complaint again defeats his claim. Plaintiff has not alleged reasonable reliance concerning the alleged 2% interest rate in light of the allegation that Defendants presented him with modification documents indicating an interest rate of 6.8%. Further, Plaintiff's Complaint contains no allegations that any reliance resulted in a loss to him. Therefore, Plaintiff fails to make out a claim for promissory estoppel.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 4) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Temporary Restraining Order (Docket No. 7) is DENIED AS MOOT.

---

[23] Docket No. 2, Ex. 1 at ¶ 29.

[24] *Youngblood v. Auto-Owners Ins. Co.*, 158 P.3d 1088, 1092 (Utah 2007).

The Clerk of the Court is directed to close this case forthwith.

DATED November 23, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge